UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| NICOLE LYNN HARRIS, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> HARBOR POINT <br> BEHAVIORAL HEALTH, *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> )   Civil Action No. 2:21cv499 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff Nicole Lynn Harris ("Harris"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. The Court granted Harris's IFP Application and directed the Clerk to file Harris's Complaint. *See* Order Show Cause at 1-4, ECF No. 2. However, upon review of the Complaint, the Court determined that dismissal of this action was warranted on several grounds. *Id.* In deference to Harris's *pro se* status, the Court provided Harris with an opportunity to file an Amended Complaint. *Id.* at 4.

Harris subsequently filed two Amended Complaints ("First Amended Complaint" and "Second Amended Complaint," respectively), both of which added Jorjah Polk ("Polk"), Harris's adult child, as a second *pro se* Plaintiff in this action. First Am. Compl., ECF No. 4; Second Am. Compl., ECF No. 7. Harris also filed an E-Noticing Registration Request. E-Noticing Registration Req., ECF No. 5. This matter is before the Court to review these filings.

As explained in more detail below, Harris's E-Noticing Registration Request, ECF No. 5, will be GRANTED; however, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## I. THE INITIAL COMPLAINT AND THE COURT'S ORDER TO SHOW CAUSE

The initial Complaint identified Harris as the sole Plaintiff in this action and sought to assert claims against (i) Harbor Point Behavioral Health; (ii) Kara Paccadolmi, a social worker; (iii) Ann Radford, a psychologist; and (iv) Gabrielle Mormile, a "resident in counseling" (collectively "Defendants"). Compl. at 2, ECF No. 3. In the "Statement of Claim" section of the Complaint, Harris alleged:

> For eleven months, [Harbor Point Behavioral Health] expected my child to come to terms of why she was in [Department of Social Services'] care & coping with it. She had no discharge date, (Judge ordered release in Dec. 2016) was punished for sharing her suicidal thoughts @ group. Chemical restraint, unnecessary weight loss meds (met[f]ormen diabetic meds). Staff was not licensed to work w/ mental & emotional kids.

*Id*. at 4. Harris summarized the claims that she sought to assert against Defendants as follows: "False Claims Act (when one willingly & knowingly provides false info for approval/payment) (Due Process) Quality of Care, Breach of Duty free from [government] invasion." *Id*. at 3.

The Court issued an Order to Show Cause, in which it explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to screen the operative complaint to determine, among other things, whether it states a claim on which relief may be granted. Order Show Cause at 2 (citing 28 U.S.C. § 1915(e)(2)). The Court further explained that if the operative complaint fails to state a claim for relief that is plausible on its face, the Court is required to dismiss the action. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon review, the Court determined that Harris's Complaint failed to allege sufficient facts to state a plausible claim for relief against any of the named Defendants and that dismissal of this action was warranted under 28 U.S.C. § 1915(e)(2). *Id.* Additionally, the Court determined that Harris, who is not a licensed attorney, cannot pursue her asserted claims on a *pro se* basis. *Id.* at 2-3 (citations omitted) (explaining that Harris cannot assert a False Claims Act on behalf of

the United States on a *pro se* basis, and cannot assert claims on behalf of her child on a *pro se* basis).

In deference to Harris's *pro se* status, the Court chose not to immediately dismiss this action. *Id.* at 4. Instead, the Court provided Harris with an opportunity to file an Amended Complaint. *Id.* The Court stated:

> [Harris] is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. [Harris] is ADVISED that the Amended Complaint will supersede her initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i)   be clearly labeled as [an] Amended Complaint;
>
> (ii)  clearly identify all Defendants against whom [Harris] intends to assert claims;
>
> (iii) clearly state, with specificity, each claim that [Harris] intends to assert against each Defendant; and
>
> (iv)  clearly set forth all factual allegations upon which each asserted claim is based.

*Id.* (emphasis in original).

On the same day that the Court entered its Order to Show Cause, Harris filed an E-Noticing Registration Request and a First Amended Complaint that named Polk as a second *pro se* Plaintiff in this action. E-Noticing Registration Req., ECF No. 5; First Am. Compl., ECF No. 4. Approximately three weeks later, Harris and Polk filed a Second Amended Complaint. Second Am. Compl., ECF No. 7. Because an amended complaint supersedes a prior complaint and renders it of no legal effect, the Court considers the Second Amended Complaint to be the operative complaint in this action. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). After addressing Harris's E-Noticing Registration Request, the Court will review the sufficiency of the Second Amended Complaint.

## II. HARRIS'S E-NOTICING REGISTRATION REQUEST

In her E-Noticing Registration Request, Harris: (i) provided the requisite contact information; (ii) consented to receiving notice of filings pursuant to Rule 5(b) of the Federal Rules of Civil Procedure via the Court's electronic filing system; (iii) waived service and notice by first class mail of all electronically filed documents to include orders and judgments; (iv) agreed to be responsible for immediately notifying the Court in writing of any change of e-mail address; and (v) agreed to register for a PACER account. E-Noticing Registration Req. at 1, ECF No. 5. Because Harris complied with all of the Court's registration requirements, Harris's E-Noticing Registration Request, ECF No. 5, will be GRANTED.

## III. THE SECOND AMENDED COMPLAINT

In their Second Amended Complaint, Harris and Polk allege that while Polk was a minor, she was identified as a "child in need of supervision" and placed into the foster care system. Second Am. Compl. at 7. Harris and Polk allege that they entered into a Foster Care Agreement with certain social workers and entities, and that pursuant to the terms thereof, Polk was to be provided, among other things, a "safe & secure family environment" that was "nurturing" and "free of abuse/neglect," threats, and discrimination. *Id.* at 5. Polk was also to receive "proper treatment," "correct medication," and oversight with her finances. *Id.* at 7-8. Harris and Polk allege that the terms of the Foster Care Agreement were breached. *Id.* at 5, 7-14. Harris and Polk also allege, among other things, that Polk did not receive proper medication or care, Polk's finances were mismanaged, and Polk received "irrelevant services that were not effective." *Id.*

Harris and Polk name the following entities and individuals as Defendants in this action: (i) Harbor Point Behavioral Health; (ii) Kara Paccadolmi; (iii) Ann Radford; (iv) Gabrielle Mormile; (v) Freddie Anderson; (vi) Brett Sharp; (vii) Shenandoah Valley DSS; (viii) CT Corp. System; and (ix) Universal Health Services, Inc. *Id.* at 1-3. In their Second Amended

Complaint, Harris and Polk assert a state law breach of contract claim against the named Defendants.[1]  *Id.* at 5-14.  It also appears, based on a liberal construction of their pleading, that Harris and Polk intend to assert a state law negligence claim against Defendants.  *Id.* at 7-14.

Upon review, the Court finds that the Second Amended Complaint fails to establish that subject matter jurisdiction is proper in this Court.  Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties."  *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court.").  As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims.  *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); or (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction").  28 U.S.C. §§ 1331, 1332.

---

[1] The Court notes that as their Second Amended Complaint, Harris and Polk utilized a form document titled, "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)."  Second Am. Compl. at 1, ECF No. 7.

As summarized above, Harris and Polk assert state law breach of contract and negligence claims against Defendants in their Second Amended Complaint. *See* Second Am. Compl. at 1-14. The Second Amended Complaint does not include any federal claims against Defendants that could serve as the basis for federal question jurisdiction. *Id.* Thus, it is clear that Harris and Polk intend to rely on diversity jurisdiction as the basis for subject matter jurisdiction in this action.

For diversity jurisdiction to apply, there must be complete diversity between the parties, meaning that the "citizenship of each plaintiff must be different from that of each defendant." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999); *see Jones v. CertusBank NA*, 605 F. App'x 218, 219 (4th Cir. 2015) (explaining that "[c]omplete diversity requires 'the citizenship of each plaintiff [to] be different from the citizenship of each defendant'" (citation omitted)). Here, the parties are not completely diverse. Harris and Polk identify themselves as residents of Staunton, Virginia, and also identify several other named Defendants, including Freddie Anderson, Ann Radford, Gabrielle Mormile, Shenandoah Valley DSS, and Kara Paccadolmi, as Virginia residents. Second Am. Compl. at 2-3. Without complete diversity, the Court cannot exercise diversity jurisdiction over this action. Additionally, as noted above, there are no federal claims asserted in this action that could serve as the basis for federal question jurisdiction.

Under these circumstances, the Court finds that it lacks subject matter jurisdiction over this action, and as a result, the Court further finds that it is obligated to dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Accordingly, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the reasons set forth above, Harris's E-Noticing Registration Request, ECF No. 5, will be GRANTED; however, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
April 29, 2022